HOUSTON, Justice.
The plaintiffs, Billie H. Wray and Laquita 0. Wray, appeal from a summary judgment for the defendants, Joe Mooneyham and Jack Mooneyham, in this action seeking damages for trespass. We affirm.
This is the second time these parties have been before this Court. See Wray v. Moo-neyham, 589 So.2d 181 (Ala.1991) ('Wray I), for a better understanding of the facts surrounding this case. Basically, it is undisputed that the Mooneyhams and the Wrays own coterminous tracts of land and that the boundary runs roughly north to south along what is known as the “Cherokee Indian boundary line.” The Mooneyhams’ property lies west of the Wrays’ property. In the first action, the property in dispute consisted of a little over two acres south of a “channel iron” located in a rock pile on the section line that divides the parties’ properties. See Appendix I to this Court’s opinion in Wray I. The trial court in the first action ruled in favor of the Mooneyhams and set the boundary according to the survey of Frank Hollis, a registered land surveyor who testified on the Mooneyhams’ behalf. The property now in dispute involves a little over eight acres north of that channel iron.
The Mooneyhams supported their motion for summary judgment with the depositions of Billie H. Wray, Jack Mooneyham, and Hollis, as well as various surveys and the judgment entered in the first action. After carefully reviewing all of the evidence of record in the light most favorable to the Wrays, according to our standard for reviewing summary judgments, see Hilliard v. Huntsville Electric Utility Board, 599 So.2d 1108 (Ala.1992), we conclude that the Moo-neyhams made a prima facie showing that Hollis’s survey, as extended north of the channel iron, correctly depicted the boundary between the parties’ properties. Furthermore, the record does not indicate that the Wrays presented any evidence to rebut that prima facie showing. We note that the April 1, 1991, survey prepared by Hollis shows a line lying west of the line adopted by the trial court; that line shown by the survey is marked “Taylor-Hyde Survey Line.” The Wrays appear to rely on this line as the proper boundary. However, no testimony in the record explains how this line was arrived at and, more importantly, the portion of that line extending north of the channel iron is not shown as beginning at the channel iron. Because that channel iron has been judicially found to lie on the boundary between the property of the Mooneyhams and the property of the Wrays, the “Taylor-Hyde Survey Line,” as shown on the Hollis survey, is, as a matter of law, not the boundary.
We further note that we have fully considered the Wrays’ procedural arguments and that we find them to be without merit.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, KENNEDY and COOK, JJ., concur.